IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-17-BO

CHRISTOPHER RYAN HARRISON, )
)
Plaintiff, )
)
v. )                          O R D E R
)
CITY OF GREENVILLE, a municipal )
corporation within the State of North )
Carolina, and BARBARA WILKERSON )
LIPSCOMB in her individual and official )
capacities as city manager for the City of )
Greenville, North Carolina, )
)
Defendants. )

This cause comes before the Court on defendants' motion for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants

have replied, and the matter is ripe for ruling. Also pending is plaintiff's motion for leave to file

documents in support of his opposition to the motion for summary judgment. A hearing was

held in this matter before the undersigned on August 3, 2016, at Raleigh, North Carolina. For

the reasons discussed below, the motion for leave to file is denied and the motion for summary

judgment is granted.

BACKGROUND

Plaintiff filed this action on January 22, 2015, alleging claims for disparate treatment in

employment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*,

denial of equal protection pursuant to 42 U.S.C. § 1983, and denial of the right to make and enforce a contract in violation of 42 U.S.C. § 1981.

Plaintiff, Harrison, is a former police officer with the City of Greenville who was employed from October 2004 to September 12, 2013. Cmp. ¶ 19 [DE 1]. On March 28, 2013, Harrison was on duty and patrolling an area of downtown Greenville. At around 12:45 a.m. on March 29, 2013, Harrison began to attempt to disperse a crowd of people which had formed outside of a bar and was blocking the sidewalk. While most of the crowd was dispersing, a group of individuals had remained on the sidewalk. Harrison asked the group to keep moving, and one member of the group, Cesali Soumaoro, an African-American female, responded by saying that it was a free country and she could stand where she wanted. Upon further urging by Harrison, Soumaoro and her companions began to walk away. Cmp. ¶¶ 21-28.

Harrison continued down the sidewalk in the same direction as Soumaoro and her group. Soumaoro stopped walking and Harrison made physical contact with her from behind. A struggle ensued, and with the aid of another officer Harrison gained control, placed Soumaoro in handcuffs, and charged her with assault on a law enforcement officer and disorderly conduct. Soumaoro sustained some physical injuries, including scrapes and bruises, as well as damage to personal property. Curry Dep. at 31 [DE 29-3]. Shortly after her arrest Soumaoro filed a complaint against Harrison alleging excessive force. Cmp. ¶¶ 29-35.

An internal investigation into the incident was conducted by then-Sergeant Curry, a white male. Harrison Dep. at 219 [DE 29-1]; [DE 29-5]. In conducting his investigation, Curry met with Pitt County District Attorney Kimberly Robb; Robb reviewed a video of the incident and determined to dismiss the charges against Soumaoro and advised that she would prosecute Harrison for assault if Soumaoro took out a warrant. [DE 29-5 at 9]. After conducting his

2

investigation Curry concluded that Harrison had pushed Soumaoro from behind and

recommended that Harrison be found to have violated Greenville Police Department policies on

excessive force, conduct unbecoming an employee, and unlawful or offensive conduct. [DE 29-

5 at 11-12]. On May 14, 2013, Chief of Police Hassan Aden, an African-American male,

sustained Curry's findings after concurrence by the patrol, administration, and investigation

bureau commanders as well as the deputy chief. [DE 13 ¶ 7; DE 29-6]. On May 14, 2013,

Harrison was suspended without pay for three days pending dismissal on May 17, 2013. [DE 29-

7].

Harrison appealed Chief Aden's decision. After review of the incident, Greenville's

Personnel Advisory Review Board (PARB) found that it was unable to determine whether

Harrison's contact with Soumaoro was intentional or with malice, and that a finding of excessive

force could not be sustained. It further found that because it could not determine whether

Harrison intentionally pushed Soumaoro, Harrison's conduct did not rise to the level of

unbecoming a police officer. The PARB noted that Harrison had acted in poor judgment, and

recommended a one-to-five day suspension and six months' probation. [DE 29-9].

Defendant Lipscomb, Greenville's City Manager and an African-American female, [DE

13 ¶ 4], reviewed the PARB recommendation as well as Harrison's personnel file and materials

related to the 29 March 2013 incident. [DE 29-10]. On September 12, 2013, Lipscomb notified

Harrison of her decision to terminate his employment with the City of Greenville and the police

department. [DE 29-11]. Lipscomb stated that she disagreed with the PARB's finding and

recommendation, noting that of particular importance to her was the decision of the District

Attorney to dismiss the charges against Soumaoro and to prosecute Harrison if Soumaoro

decided to press charges. Lipscomb further cited an incident which occurred in December 2010

3

where Harrison exhibited behavior found to constitute conduct unbecoming an employee of the police department, and where Harrison had been notified that such conduct would not be tolerated. *Id.*

In January 2010, Harrison and other officers were involved in an incident with an individual whom they had stopped on a bicycle for a headlamp violation. [DE 29-13]. Then-Chief of Police William Anderson, an African-American male, issued a letter of suspension to Harrison on May 3, 2010, finding that he had engaged in unlawful or offensive conduct and conduct unbecoming an employee of the Greenville Police Department. Harrison was suspended without pay for forty hours, assessed five disciplinary points, and placed on probation status for twelve months. Harrison was further notified that "future violations of this nature will result in your immediate termination from the City of Greenville and the Greenville Police Department." *Id.* at COG_00597. Harrison appealed the 2010 discipline, and on January 10, 2011, then-City Manager Wayne Bowers, a white male, upheld the finding that Harrison had engaged in conduct unbecoming an employee of the Greenville Police Department but modified the assessed discipline to, *inter alia*, decrease Harrison's period of probation and suspension without pay. [DE 29-14]. Bowers noted that Harrison's "actions demonstrated a careless and reckless disregard for [the individual] and his property" and that his actions if made public "would have a significant negative impact on the public confidence of the Police Department and its personnel." *Id.* at COG_000370.

Harrison filed this action alleging discrimination by his employer on the basis of his race, white, and sex, male.

4

I.     MOTION FOR LEAVE TO FILE

The Court considers first Harrison's motion for leave to file as it will define the scope of

the evidence before the Court in review of the motion for summary judgment. Harrison's

counsel moves for leave to file Harrison's declaration and statement of disputed material facts as

part of the documents submitted in opposition to the motion for summary judgment. Counsel

contends that although he cited to Harrison's declaration in the memorandum in opposition, he

inadvertently failed to file the document when filing the memorandum. Counsel further contends

that he inadvertently failed to file Harrison's statement of disputed material facts required by

Local Civil Rule 56.1. Counsel states that he became aware of his neglect when he received

defendants' reply brief, which was filed on June 8, 2016. The motion for summary judgment

was submitted to the undersigned for consideration on June 15, 2016.

Counsel has failed to demonstrate excusable neglect for his failure to file Harrison's

declaration or his statement of disputed material facts. A finding of excusable neglect is required

in order to extend the time for filing where a motion to do so has been filed beyond the

prescribed period. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is a flexible concept which

includes inadvertence, mistake, and carelessness, *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*

*Ltd. P'ship*, 507 U.S. 380, 388 (1993), but is not intended to be easily demonstrated and should

be found only in extraordinary cases. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530,

534 (4th Cir. 1996). Relevant circumstances to consider are the danger of prejudice, the length

of the delay, and, most importantly, the reason for the failure to timely file. *Id.* at 533-34.

Harrison filed the motion for leave on June 30, 2016, fifteen days after the motion for

summary judgment had been submitted to the undersigned and twenty-two days after counsel

was made aware of his inadvertence by the filing of defendants' reply. The basis proffered in the motion for leave is that counsel was unfamiliar with the process for filing documents under seal in CM/ECF, which drew his attention away from his normally methodical approach in filing. Errors in deadline computations and failures to attach documents are the kinds of "'run-of-the-mill inattentiveness by counsel' that [courts] have consistently declined to excuse in the past." *Symbionics Inc. v. Ortlieb*, 432 Fed. App'x 216, 220 (4th Cir. 2011).

Moreover, counsel's proffer has no bearing on the significant delay in filing the instant motion after he was made aware of his deficiencies by the filing of the reply brief. Indeed, had counsel made the motion for leave within hours or days of the filing of the reply, the circumstances may be different. Rather, three weeks passed before the motion was filed. Additionally, there is a risk of prejudice to defendants in granting Harrison's motion as defendants' reply brief has already been prepared and submitted, and allowing Harrison's motion would require leave to be granted for defendants to amend their reply. *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1235 (D. Kan. 2007).

The proffered basis for the inadvertence, the length of the delay in filing the motion for leave, and the risk of prejudice to defendants support that this is not an extraordinary case where excusable neglect should be found. Harrison's motion for leave to file is therefore denied.

II.    MOTION FOR SUMMARY JUDGEMENT

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts

6

in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a

trial court views the evidence and the inferences in the light most favorable to the nonmoving

party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla

of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for

summary judgment; "there must be evidence on which the [fact finder] could reasonably find for

the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*,

312 F.3d 645, 649 (4th Cir. 2002).

Harrison has filed four claims alleging employment discrimination under three statutes:

Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. "The *McDonnell Douglas* framework,

developed for Title VII, has been used to evaluate [] discrimination claims under [all] three

statutes." *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004); *see also McDonnell Douglas

Corp. v. Green*, 411 U.S. 792, 802 (1973). Under *McDonnell Douglas*, if the plaintiff can

establish a prima facie case of discriminatory treatment, the burden then shifts to the defendant

"to articulate some legitimate, nondiscriminatory reason" for its action. *McDonnell Douglas*,

411 U.S. at 802. If the defendant meets this burden, the plaintiff is given the opportunity to show

that the presumptively legitimate reason offered by the defendant is in fact pretext for an

underlying discriminatory motive. *Id.* at 804. "Although the evidentiary burdens shift back and

forth under the *McDonnell Douglas* framework," the ultimate burden of persuasion to show that

the defendant intentionally discriminated remains with the plaintiff. *Love-Lane*, 355 F.3d at 786.

The Court will assume, without deciding, for purposes of this motion that Harrison can

demonstrate a prima facie case of disparate treatment and discriminatory discharge. *See*

7

*Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) ("the elements of a

prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2)

satisfactory job performance; (3) adverse employment action; and (4) different treatment from

similarly situated employees outside the protected class."). Defendants have proffered in their

statement of undisputed material facts defendant Lipscomb's bases for terminating Harrison's

employment. [DE 28 ¶ 24]. These bases were further provided to Harrison in his letter of

termination, and include Lipscomb's belief that Harrison did intentionally push or shove

Soumaoro, that Lipscomb was disappointed in Harrison for failing to utilize his experience and

training, and the similarity between the incident involving Soumaoro and Harrison's previous

misconduct. This Court's Local Rules provide that the

> memorandum opposing a motion for summary judgment shall be supported by a
> separate statement including a response to each numbered paragraph in the
> moving party's statement . . .. Each numbered paragraph in the moving party's
> statement of material facts will be deemed admitted for purposes of the motion
> unless it is specifically controverted by a correspondingly numbered paragraph in
> the opposing statement.

Local Civil Rule 56.1. By failing to oppose defendants' statement of undisputed material

facts, Harrison has admitted that the true bases for his termination are those provided in

Lipscomb's termination notice, and which bases do not include Harrison's sex or race.

Moreover, Harrison has failed to proffer any evidence which would create a genuine

issue of material fact as to whether defendants' proffered bases for his termination are pretext.

Pretext "is a lie or deceit designed to cover one's tracks." *Cardoso v. Robert Bosch Corp.*, 427

F.3d 429, 435 (7th Cir. 2005). Harrison argues that he was terminated for violating no city or

department policy and that the internal investigation into the March 2013 incident was biased.

Proof that the employer's "explanation is unworthy of credence" will indeed provide

persuasive evidence "that is probative of intentional discrimination." *Reeves v. Sanderson*

*Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). However, it is not the province of this Court to decide whether Lipscomb's decision to terminate Harrison's employment was "wise, fair, or even correct," so long as it was not based on Harrison's sex or race. *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (quotation and citation omitted). Harrison spends much of his opposition to the summary judgment motion defending his actions in the Soumaoro incident, arguing that the video is unclear and the testimony of other officers supports his version of the events. Whether or not Harrison intentionally or accidentally pushed Soumaoro is not germane to the inquiry before the Court; Lipscomb's review of the evidence left her with the belief that Harrison had acted in a manner unbecoming of City of Greenville Police Officer. The same reasoning applies if Lipscomb mistakenly believed that Harrison had received crowd control training which he failed to utilize. *See Price v. Thompson*, 380 F.3d 209, 215 n.1 (4th Cir. 2004) (mistakes of fact not evidence of unlawful discrimination) (abrogated on other grounds by *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015)). Harrison has proffered no evidence which would suggest that Lipscomb's explanation for her decision is unworthy of credence, or that it is a lie to cover her tracks.

In addition to being a prima facie element of a disparate treatment claim, evidence that employer treated similarly situated individuals differently may also provide evidence of pretext to rebut a proffered non-discriminatory basis for adverse action against an employee. *See Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 211 (4th Cir. 2014); *see also Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 720 (4th Cir. 2013) (discussing at length the value of valid comparator evidence). Harrison argues that his evidence of similarly situated Greenville Police Officers demonstrates that there is an issue of material fact as to whether the proffered bases for his termination were pretextual. Comparators offered for this purpose must be true comparators,

9

which may include having the same supervisor, being subject to the same standards, and engaging in the same conduct without sufficient circumstances to otherwise justify the employer's different treatment. *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (argued but unpublished). It is the plaintiff's burden to demonstrate that the offered comparator is similar in all relevant respects. *Id.*

Harrison's proffered comparators are distinguishable and are insufficient to support an inference of discriminatory pretext. For example, in his EEOC papers, Harrison identified Officers Eric Robinson, an African-American male; Alvaro Elias, race and national origin unknown; and Jennifer Miller, a white female, as comparators. [DE 30-4]. As alleged by Harrison, none of his identified comparators were involved in or investigated for a physical altercation with a member of the public while on duty. *See id.*; *see also* [DE 30-9; DE 30-6]. The additional comparators proffered by Harrison in response to the motion for summary judgment are further distinguishable. Neither Officer Melgar nor Parking Control Officer Leathers were involved in or investigated for a physical altercation with a member of the public while on duty. [DE 33; DE 40]. Further, Officer Melgar's employment was terminated on December 20, 2013, for conducting unbecoming of a police officer, and Parking Control Officer Leathers is not a sworn police officer. [DE 30-2 at 2; DE 40 at COG_005941].

Where, as here, "the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, [and] the plaintiff [has] created only a weak issue of fact as to whether the employer's reason was untrue" in the face of abundant evidence to the contrary, judgment in favor of the employer is appropriate. *Reeves*, 530 U.S. at 148. Moreover, Harrison's argument that he has adequately presented his claims under a mixed-motive frameworks fails, as he has plainly proffered no direct evidence of discrimination nor sufficient

circumstantial evidence that race or sex was a motivating factor in his termination to proceed. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) (mixed-motive proof must be sufficient such that a reasonable jury could conclude that race or sex was the motivating factor for the employment practice); *Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 135 (4th Cir. 2002) (subjective evidence is insufficient to show discriminatory conduct).

Because Harrison has failed to rebut defendants' motion and create a genuine issue of material fact, summary judgment is appropriate in favor of defendants on each of the discrimination claims. *Love-Lane*, 355 F.3d at 789; *see also Lewis v. Robeson Cnty.*, 63 Fed. App'x 134, 138 (4th Cir. 2003) ("[i]n a suit brought against a state actor, Section 1983 is the exclusive federal remedy for a violation of the rights guaranteed in § 1981.").

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for leave [DE 44] is DENIED and defendants' motion for summary judgment [DE 27] is GRANTED. The clerk is directed to close this case.

SO ORDERED, this *19* day of *August*, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

11